## Viser & Carson v. The State.

1. Occupation Tax — Recognizance which recited the offense to be " unlawfully pursuing the occupation of selling medicated bitters in quantities of a quart and less than five gallons, without obtaining a license therefor," sufficiently describes an offense under the Revised Penal Code. Otherwise under the law anterior to the revision of the Codes.

2. Charge of the Court. — Information charged the offense of pursuing the occupation of selling medicated bitters, etc.; but the trial court instructed the jury that the prosecution was for " selling medicated bitters," etc. *Held*, that the instruction misdirected the jury as to the accusation against the defendants, and was therefore essentially erroneous.

APPEAL from the District Court of Madison. Tried below before the Hon. W. D. WOOD.

The matters involved in the rulings are disclosed in the opinions severally delivered on the motion to dismiss the appeal and on the errors assigned. The jury assessed a fine of $150 against the appellants.

*Waul & Walker*, for the appellants.

*Horace Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. (On motion to dismiss.) The recognizance entered into by appellants to bring the case to this court set forth the offense of which they stand charged, and for which they have been convicted, as "unlawfully pursuing the occupation of selling medicated bitters in quantities of a quart and less than five gallons, without first obtaining a license therefor."

The assistant attorney general moves to dismiss the appeal because the recognizance describes no offense known to the law; citing in support of the motion *Munch* v. *The State*, 3 Texas Ct. App. 552. *Munch's* case was decided under the act of March 13, 1875, and before the revision of the Codes. Taking the *provisos* of the first section of that act in connection with and as part of the enacting clause, the construction was that the offense consisted in a failure to pay the occupation tax, and not in a failure to obtain license, since by the *proviso* the receipt for the occupation tax was the only license required. In the revision the provisos have been separated from the enacting clause, and the statute now defining the offense is as follows: "Any person who shall pursue or follow any occupation or profession, or do any act, taxed by law, without first obtaining license therefor, shall be fined in any sum not less than the amount of the taxes so due and not more than double that sum." Penal Code, art. 110.

Manifestly the offense under this statute is to pursue or follow an occupation without first obtaining a license therefor, and the recognizance we are considering fully states the offense as now defined and declared by the law.

The motion to dismiss the appeal is therefore overruled.
*Motion to dismiss overruled.*

Hurt, J.    The appellants were convicted for pursuing the occupation of selling medicated bitters. The court below, in the first paragraph of the charge, instructed the jury as follows:

"W. W. Viser and J. M. Carson stand indicted by information for selling medicated bitters known as the Home Sanitive Cordial in quantities of one quart, and not more than five gallons, without first obtaining a license therefor." Then follows in the charge the plea of not guilty, reasonable doubt and definition of medicated bitters.

In the third paragraph the jury is charged that "if you believe from all of the evidence in this case that the defendants as partners, doing business in the county of Madison as druggists, under the firm-name and style of Viser & Carson, did at any time within one year next before the filing of the information in this case, sell any of the Home Sanitive Cordial, in quantities of one quart and less than five gallons, and you further find from the evidence that said Home Sanitive Cordial, from its composition and ingredients, is, as has been before defined in this charge, what is in substance termed in the law medicated bitters; and that they have sold Home Sanitive Cordial without first having obtained a license so to do, as required by law, in such case, if you so find the facts, the defendants are guilty as charged in the information."

The charge of the court was promptly objected to on the trial. The objections being overruled, the defendants excepted and reserved their bill. But suppose there had

been no exceptions to the charge, was not the error of such a character as to require a reversal of the judgment? We think so.   In *Haynes* v. *The State*, 2 Texas Ct. App. 84, we find this principle enunciated: "If the rule be subject to any limitation or exception at all in cases of misdemeanor, then the limitation or exception can only arise in those cases where there is such a radical defect in the charge as that it might with propriety be said to amount to no charge as applicable to the particular facts of the case; as, for instance, if the court should, in attempting to define the offense, give the definition of another and totally different one from that with which the defendant was charged; or if, in attempting to declare the penalty, he should announce one totally different from that affixed by statute.   In such a case this court should undoubtedly feel authorized, if not bound, to follow the rule in felony cases, so well and forcibly stated in the opinion by our learned chief justice in *Bishop* v. *The State*, 43 Texas, 396."

The rule referred to is that which requires in misdemeanor cases an objection to the charge to be interposed by the defendant.   In this case, however, there was an objection to the charge taken at the proper time, and here there is no necessity of drawing support from the principles above enunciated.   Let us return to the charge.

At the very outset it announces that which was not true. The defendants were not being "prosecuted for selling medicated bitters," but on the contrary they were on trial for *pursuing* the *occupation* of selling medicated bitters. The elements of this offense consisted of pursuing an occupation which was the selling of medicated bitters.   We are not to be understood as intimating that this occupation cannot be pursued in connection with others.   Nor is it necessary for more than one sale to be made, if the party is prepared to enter into that pursuit.   This charge is legislative in its effects; acts not made penal by the Code are

denounced as constituting a crime. Nor does the third clause cure the matter, if indeed it be susceptible of relief. Partners in the drug business may make a single sale of medicated bitters, and yet not be engaged in pursuing that occupation.

For the errors in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*